**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.   Case No: 8:19-CR-89-T-24AEP

**EDWAR ELI QUINONES ORTEGA**
_____/

**SENTENCING MEMORANDUM AND FOR RECOGNITION OF DEFENDANT AS A MINOR ROLE CONSPIRACY PARTICIPANT.**

**SENTENCING MEMORANDUM**

The overriding principle and basic mandate of 18 U.S.C. §*3553(a)* requires district courts to impose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing set forth in Section *3553(a)(2)* which include the nature and circumstances of the offense, history and characteristics of the Defendant, the need for the sentence imposed, the seriousness of the offense , to provide just punishment for the offense and to afford adequate deterrence to criminal conduct.

The advisory guideline range calculation is merely one of the many factors under § 3553(a) the court should consider in determining a sentence "no greater than necessary to achieve the goals of sentencing" set forth in § 3553(a)(2). Taking into consideration the totality of the circumstances under §*3553(a),* including calculations under the Guidelines, any punishment greater than necessary to accomplish those goals would constitute an unreasonable sentence.

Pursuant to United States v. Booker, 125 S. Ct. 738, (Jan. 12, 2005), the guidelines range calculated by the probation office is no longer binding on the court. After Booker, the Court should consider the guideline range calculation as merely one of many factors under §3553(a) in
determining a sentence no greater than necessary to achieve the goals of sentencing set forth in Section 3553(a)(2). Therefore, this Court is not required to sentence the Defendant to the

guideline range presented in the PSIR. Instead, this Court should consider the information in the PSIR along with other relevant information, including all factors listed under 18 U.S.C. §3553(a) and 3661.

Mr. Ortega is subject to the ten (10) mandatory minimum requirement for sentencing in this matter absent Safety Valve application or a Government 5K Motion..

Mr. Ortega is thirty five (35) years old. and has no criminal history of any type and is very unlikely given his age to offend again.

Mr. Ortega has at all times been willing to and did cooperate and speak with officials to provide whatever limited information and background he may have regarding the incident offense.

Mr. Ortega has six minor children in Columbia and had been their primary source of financial support.

Mr. Ortega's role in this matter was as a deck hand, sailor only and as such may be considered to have played a minor role in this matter.

It is respectfully requested that the Court consider these factors in sentencing Mr. Ortega

Dated this 4th day of September, 2019.

Respectfully submitted,

/s/Justin b. lighty
JUSTIN B. LIGHTY, ESQ.
1002 West Ohio Ave.
Tampa, Florida 33603
Tel: (813) 440-9253
jlighty@tampabay.rr.com
Attorney for Edwar Ortega
Florida Bar No. 24005

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the AUSA assigned to this case and all other counsel of record in this matter.

                                                                  Justin B. Lighty
                                                                  Attorney for Edwar Ortega
                                                                  *Justin Lighty*
                                                                  /s/ Justin B. Lighty